# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rendy Erick Diaz Mendez, | No. CV-25-04717-PHX-JJT (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, *et al.*, | |
| Respondents. | |

Petitioner filed this action challenging his immigration detention.[1] Per the Court's Order to Show Cause (Doc. 5), Respondents filed their Response on December 19, 2025. (Doc. 7.)

A district court in the Central District of California recently certified a class that this Court observed likely included Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). In its Order to Show Cause, this Court required Respondents to "state whether Petitioner is a class

---

[1] On December 15, 2025, an Immigration Judge determined she lacked jurisdiction to order Petitioner released on bond. But in the alternative, she held she would release Petitioner on a $5,000 bond. (Doc. 1-1 at 2-3.) In their response to the Court's Order to Show Cause, Respondents indicate "ICE's Enforcement and Removal Operations team ("ERO") does not consider the immigration judges' alternative holdings to have any practical effect whenever the immigration judge has checked the box labeled 'denied' on the bond form, and hence that orders from this Court telling them to give effect to the alternative holding are a nullity." (Doc. 7 at 5 n.2.) The Court notes this is contrary to Respondents' position offered in another matter, *Zepeda v. Noem*, CV-25-4236-PHX-KML (JFM), ECF No. 10 at 14 (D. Ariz. Dec. 3, 2025) ("If the Court grants the Petition, the Court should order that Petitioner be released upon payment to the Immigration Court of a $2,500 bond.").

member under *Bautista*" and if so, "explain whether they are obligated to provide him a bond hearing based on the *Bautista* orders or if an additional order from this Court is required to entitle Petitioner to a bond hearing." (Doc. 5 at 2.) In their Response, Respondents stated that "Petitioner is a member of a certified non-opt-out class in *Bautista* pursuing the same relief he requests here, so his petition should be dismissed." (Doc. 7 at 1.)

Respondents note that on December 18, 2025, the day before they filed their Response acknowledging Petitioner was a class member in *Bautista*, the *Bautista* court entered judgment under Rule 54(b) declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Document 94 (C.D. Cal. Dec. 18, 2025). Pursuant to that judgment, and the position Respondents adopted above regarding Petitioner's class member status, it would appear Petitioner is entitled to be released from custody or provided a bond redetermination hearing.

In any event—that is to say, whether or not the *Bautista* Court's rulings and judgment not reach Petitioner as a member of the class in that matter[2]—the Court's

---

[2] Respondents cite caselaw in service of their good faith argument that because Petitioner's claim "is already being adjudicated in the nationwide *Bautista* class action, this Court should decline to consider it." (Doc. 7 at 2.) Respondents' argument recognizes that "when another court having jurisdiction over the same matter has entertained it and can achieve the same result," a court "*may choose* not to exercise its jurisdiction" over the matter or issue. *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979) (emphasis supplied). The Ninth Circuit has held that discretion applies specifically to the situation where the "other court's" matter is a class action. Indeed, *Crawford* addressed whether a district court may properly dismiss an individual complaint "because the complaint is a member in a class action seeking the same relief." *Id*. at 892; *see also Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir.2013).

Here the Court will exercise its discretion to consider the claim even though it may well eventually be adjudicated to finality by the court in *Bautista*. This Court would so elect because the harm at issue in the instant habeas claim—Petitioner's continued detention while Respondents conduct removal proceedings and make any resulting determinations (as they are empowered to do), absent any finding Petitioner presents a danger or flight risk—is an ongoing harm. To preclude Petitioner from proceeding on a determination of his individual release while the *Bautista* court's judgment is on appeal

independent review of the Petition, and its repeated adoption of the analysis in Judge Lanza's Order in *Echevarria v. Bondi et al.*, No. 25-CV-03252-DWL (ESW), 25 WL 2821282, at *4-10 (D. Az. Oct. 3, 2025) confirms Petitioner is entitled to relief and the Court grants relief based on its conclusion that his detention is governed by § 1226 and not § 1225.

**IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.
2. Respondents must provide Petitioner a bond redetermination hearing within **ten days**[3] or release him from custody under the same conditions that existed before his detention.
3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing him a bond hearing.
4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 23rd day of December, 2025.

Honorable John J. Tuchi
United States District Judge

---

would lead to unwarranted and prolonged delay. *Pride*, 719 F.3d at 1137 ("To preclude an inmate from proceeding on a claim for injunctive relief for his individual medical care [where the inmate was a member of a class action seeking systemic reforms for prison medical care broadly] would lead to unwarranted delay").

[3] Because the immigration court will be closed December 24 through December 28, the Court will extend the time within which Respondents must provide a bond hearing.